UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HAO TAN,

                 Petitioner,                  Case No. 1:26-cv-778

v.                                      Honorable Jane M. Beckering

KIMBERLY BALL et al.,

                 Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently

detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated

this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

**I.**      **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention

following an order issued by the Detroit Immigration Court denying him bond, and asks the Court

to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to

release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on March 27, 2026, the Court

directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 5.) Respondents filed their response on April 1, 2026,

(Resp., ECF No. 7), and Petitioner filed his reply on April 20, 2026, (ECF No. 10).

## II.    Factual Background

Petitioner is a citizen of China who entered the United States in 2014 pursuant to a nonimmigrant B-2 visitor visa with authorization to remain in the United States until April 5, 2015. (Pet., ECF No. 1, PageID.6.; Notice to Appear (NTA), ECF No. 7-1, PageID.63.) Petitioner overstayed his visa, and on January 4, 2018, the Department of Homeland Security (DHS) issued an NTA charging Petitioner as removable under § 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), because he remained in the United States longer than permitted. (NTA, ECF No. 7-1, PageID.63.) Thereafter, Petitioner filed an application for asylum. (Pet., ECF No. 1, PageID.6; 2025 Form I-213, ECF No. 7-3, PageID.71.)

On February 24, 2025, an Immigration Judge (IJ) denied Petitioner's application for asylum and ordered him removed to China. (Pet., ECF No. 1, PageID.6; Order of the IJ, ECF No. 7-4, PageID.74.) On March 17, 2025, Petitioner timely appealed to the Board of Immigration Appeals (BIA), and his appeal remains pending. (2025 Form I-213, ECF No. 7-3, PageID.71.)

On October 27, 2025, Petitioner was arrested and detained by ICE at a weigh station near Chicago, Illinois. (Pet., ECF No. 1, PageID.2; 2025 Form I-213, ECF No. 7-3, PageID.71.) On December 29, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2; Order of the IJ, ECF No. 7-5, PageID.76.) At the conclusion of the hearing, the IJ denied Petitioner's request for bond because Petitioner "did not establish he is not a flight risk." (Order of the IJ, ECF No. 7-5, PageID.76.) Petitioner filed three subsequent requests for a custody redetermination or bond hearing, which were all denied due to no material change in Petitioner's circumstances. (See Jan. 29, 2026 Order of the IJ, ECF No. 7-5, PageID.78; Feb. 11, 2026 Order of the IJ, ECF No. 7-5, PageID.80; Mar. 17, 2026 Order of the IJ, ECF No. 7-5, PageID.82.)

### III.    Discussion

Here, Petitioner's detention is governed by § 1226(a) because he was lawfully admitted into the United States, but he subsequently overstayed his visa. *See* 8 U.S.C. § 1226(a). "[P]rocedural due process entitles aliens detained under 8 U.S.C. § 1226(a), pending completion of their removal proceedings, to a bond hearing before an immigration judge to determine whether their ongoing detention is justified." *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

In this case, Petitioner received a § 1226(a) bond hearing on December 29, 2025, before the Detroit Immigration Court. At the bond hearing, the IJ denied bond because "[Petitioner] did not establish he is not a flight risk." (Order of the IJ, ECF No. 7-5, PageID.76.) In light of the burden of proof applied at the December 29, 2025 bond hearing, for the reasons set forth in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026), the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### <u>Conclusion</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to

demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    April 23, 2026                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge

4